UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VICTOR JUZUMAS,

                        Plaintiff,                17 Civ. 3049 (       )

  -against-

                                           **COMPLAINT**

NASSAU COUNTY, New York,
"JOHN DOES 1-5",

                                           **Jury Trial Demanded**

                        Defendants.
------------------------------------------------------------x

      Plaintiff, VICTOR JUZUMAS, by and through his attorneys, The Bellantoni Law Firm, PLLC, for his Complaint respectfully states:

## NATURE OF THE ACTION

      1.     This is an action for compensatory, economic and punitive damages proximately resulting from the actions of the defendants' violations of the plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

## JURISDICTION

      2.     The Court's jurisdiction over the plaintiff's federal claims is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

## THE PARTIES

      3.     Plaintiff, VICTOR JUZUMAS, (hereinafter "Mr. Juzumas"), is a domiciliary of the State of New York and a resident of Nassau County, New York.

      4.     Defendant, NASSAU COUNTY, New York (hereinafter the "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

1

5. Defendants, "JOHN DOES 1-5" (the "JOHN DOE defendants"), at all times relevant herein, were employed by the County as law enforcement officers with the Nassau County Police Department. Each and every JOHN DOE is sued herein in his/her individual and personal capacity only.

6. The JOHN DOE defendants, at all times relevant herein, were acting on behalf of, and in furtherance of, their positions as law enforcement officers of the Nassau County Police Department and the County in their creation, implementation, and/or enforcement of the policies detailed herein.

7. Nassau County is liable for the acts and omissions of the individual defendant law enforcement officers based on the existence of *Monell* liability, as set forth more fully below.

8. The JOHN DOE defendants, at all times relevant herein, were acting pursuant to the established policies and procedures of Nassau County and the Nassau County Police Department.

## THE MATERIAL FACTS

9. Under the New York State Penal Law §400.00(5), the Nassau County Police Department (the "Department") serves as the licensing authority to grant, deny, suspend and/or revoke New York State Pistol Licenses in the County of Nassau, New York.

10. The New York State Penal Law does not grant the Department any licensing authority over rifles and/or shot guns.

11. Under the New York State Penal Law, an individual convicted of a felony offense or "serious offense" as defined under Penal Law §265.00(17), is ineligible to possess any shot gun, rifle, pistol or revolver.

12. A conviction for a misdemeanor, other than a "serious offense" as defined by Penal Law §265.00(17), does not constitute a bar to the possession of rifles and/or shotguns.

13. On November 4, 2015, Mr. Juzumas' pistol license (the "pistol license") was revoked by the Department.

14. Mr. Juzumas' pistol license was revoked by the Department because of his conviction on June 11, 2012 of the misdemeanor offense of Conspiracy to Violate Customs Arrival, Reporting, Entry and Clearance Requirements, in violation of 18 U.S.C. §371.

15. The misdemeanor for which Mr. Juzumas was convicted is not a "serious offense" as defined by Penal Law §265.00(17).

16. The Department represented that, if Mr. Juzumas was found to be in possession of any rifles and/or shotguns, he would be arrested by the Nassau County Police Department.

17. The Department represented to Mr. Juzumas and/or his counsel that it was illegal under the S.A.F.E. Act for Mr. Juzumas to possess rifles and/or long guns.

18. The Department represented that Mr. Juzumas' possession of rifles and/or shot guns was a crime.

19. The Department represented that it is the policy of the Nassau County Police Department that an individual whose pistol license has been revoked may not lawfully possess or own rifles and/or shot guns.

20. The Department represented that it is the policy of the Nassau County Police Department that if an individual whose pistol license has been revoked is in possession of rifles and/or shot guns, s/he will be arrested by the Department.

21. The Department represented that if Mr. Juzumas possesses rifles and/or long guns, he will be arrested by the Department because of his conviction of a misdemeanor.

22. The Department represented that if Mr. Juzumas possesses rifles and/or long guns, he will be arrested by the Department by virtue of the fact that his pistol license was revoked.

23. In response to the Department's official policy, as detailed above, and the Department's directive that he would be arrested if he was in possession of his rifles and/or shotguns, Mr. Juzumas divested himself of his personal property, to wit, his rifles and shot guns.

24. Mr. Juzumas' long guns were valued at over $6,000.

25. For years prior, Mr. Juzumas had enjoyed hunting and target shooting, both alone and with friends.

26. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals whose pistol licenses have been revoked has infringed on Mr. Juzumas' right to hunt and target shoot with friends and alone.

27. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals whose pistol licenses have been revoked has infringed on Mr. Juzumas' right to own and possess rifles and shot guns.

28. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals whose pistol licenses have been revoked violated Mr. Juzumas' property rights to his rifles and shot guns.

29. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals whose pistol licenses have been revoked has violated Mr. Juzumas' right to Due Process under the law.

30. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals who have been convicted of misdemeanors not enumerated in Penal

Law §265.00(17) has infringed on Mr. Juzumas' right to hunt and target shoot with friends and alone.

31. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals who have been convicted of misdemeanors not enumerated in Penal Law §265.00(17) has infringed on Mr. Juzumas' right to own and possess rifles and shot guns.

32. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals who have been convicted of misdemeanors not enumerated in Penal Law §265.00(17) violated Mr. Juzumas' property rights to his rifles and shot guns.

33. The Department's policy of criminalizing the possession and ownership of rifles and shot guns by individuals whose pistol licenses have been revoked has violated Mr. Juzumas' right to Due Process under the law.

34. Defendants' actions have caused Mr. Juzumas to suffer, *inter alia*, upset, loss of enjoyment of life, loss of enjoyment of his right to association, harm to his reputation, loss of property, infringement of his right to free expression, economic damages, violations of his civil rights as detailed herein, and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Repeats and realleges paragraphs "1" through and including "34".

36. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Right to Due Process as guaranteed by the Fourteenth Amendment, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Repeats and realleges paragraphs "1" through and including "36".

38. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights as guaranteed by the Fourth Amendment, 42 U.S.C. §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

39. Repeats and realleges paragraphs "1" through and including "38".

40. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights as guaranteed by the Second Amendment, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

41. Repeats and realleges paragraphs "1" through and including "40".

42. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

43. Repeats and realleges paragraphs "1" through and including "42".

44. Under the theory that, by creating, maintaining, enforcing and/or applying the unconstitutional policy described herein, the County of Nassau is liable to the plaintiff under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of the Constitutional Rights detailed herein, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CAUSE OF ACTION

45. Repeats and realleges paragraphs "1" through and including "44".

46. Under the theory that each and every defendant is liable to plaintiff individually and acting in concert with one another to violate plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments, 42 U.S.C. §1983.

WHERFORE, a Judgment is respectfully requested:

- Awarding an injunction against defendants that enjoins the defendants' violations of plaintiff's constitutional rights;
- Awarding an injunction against defendants that bars the continued enforcement and application of the policy detailed herein;
- Awarding against each and every individual defendant punitive damages as the jury may determine;
- Awarding against each and every defendant compensatory damages;
- Awarding against each and every defendant economic damages;
- Awarding costs, disbursements and reasonable attorney's fees;
- Granting such other and further relief as the Court deems necessary and proper.

Dated: May 21, 2017
      Scarsdale, New York

THE BELLANTONI LAW FIRM, PLLC
Attorneys for Plaintiff, Victor Juzumas

By: _____/s/_____
Amy L. Bellantoni (AB3061)
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090
(914) 367-0095 (facsimile)