| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive |  | **JARED A. KASSCHAU**<br>County Attorney<br><br>**RALPH J. REISSMAN**<br>Deputy County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
TEL. 516-571-3046  FAX 516-571-3058

October 28, 2018

<u>Via ECF</u>
Hon. Joseph F. Biacno
United States District Court
100 Federal Plaza
Central Islip, NY  11722

        Re:  Victor Juzumas v. Nassau County
            <u>17-CV-03049 (JFB)(ARL)</u>

Dear Judge Bianco:

    This office represents defendant Nassau County in the above-referenced action.  The purpose of this letter is to respectfully request that the Court schedule a pre-motion conference in order for defendant to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

    **<u>The Complaint.</u>**  The Complaint, brought by plaintiff Victor Juzumas ("plaintiff") under 42 U.S.C. § 1983, alleges that defendant Nassau County violated plaintiff's Fourteenth Amendment right to due process in connection with the Nassau County Police Department's revocation of his pistol license on November 4, 2015.  Plaintiff alleges that his pistol license was revoked due to his conviction on June 11, 2012 of the misdemeanor offense of Conspiracy to Violate Customs Arrival, Reporting, Entry and Clearance Requirements, in violation of 18 U.S.C. § 371.  Plaintiff also claims that members of the Police Department advised him that he cannot possess longarms (rifles and shotguns).  As a result, plaintiff alleges, he was compelled to sell his longarms.

    **<u>Grounds for Defendant's Motion</u>**.  The bases for defendant's proposed motion for summary judgment is (1) that under New York State law, the Nassau County Police Department has the statutory authority to regulate the issuance, suspension and revocation of pistol licenses, and (2) that pursuant to New York Penal Law §400.00[11](c), it is unlawful for plaintiff to possess firearms of any kind since his pistol license was revoked.

**Licensing of Handguns**.  Under New York Penal Law § 400.00[2], "A license for a pistol or revolver, other than an assault weapon or a disguised gun, shall be issued to (a) have and possess in his dwelling by a householder," such as Petitioner in this case.  An applicant seeking a license to possess a pistol or revolver must file an application to the licensing officer in the county where the applicant resides, Penal Law § 400.00[3](a).  In the County of Nassau, where Petitioner resides, the Nassau County Police Commissioner is the licensing officer.  Penal Law § 265.00[10].  Each license holder receives a Pistol License Information Handbook.  A handgun license issued by the Police Commissioner expires after five years, unless renewed, Penal Law § 400.00[10], but "may be revoked and cancelled at any time[.]"  Penal Law § 400.00[11].

It is well settled that the issuance of a handgun license is a privilege, rather than a right, the issuance of which is committed to the sound discretion of the licensing official.  *See Matter of Papaioannou v Kelly,* 14 A.D. 3d 459 (1st Dept. 2005); *Matter of Kaplan v. Bratton,* 249 A.D.2d 199, 201 (1st Dept. 1998); *Matter of Fondacaro v Kelly,* 234 A.D.2d 173, 177 (1st Dept. 1996) *lv. denied* 89 N.Y.2d 812 (1997); *Sewell v City of New York,* 182 A.D.2d 469, 472 (1st Dept. 1992), *lv. denied* 80 N.Y.2d 846 (1992); *Tartaglia v Kelly*, 215 AD2d 166, 166 (1st Dept. 1995).  Licensing officers are vested with broad discretion in resolving issues regarding the fitness of individuals to possess firearms.  *Simmons v New York City Police Dept. License Div.*, 35 AD3d 748, 749 (2d Dept. 2006).  A licensing officer is vested with broad discretion in making the determination to grant or deny a pistol permit to an individual and may do so for any good cause.  *Dorsey v Teresi*, 26 AD3d 635, 636 (3d Dept. 2006).

In this case, plaintiff's pistol license was revoked based on an investigation by the Police Department's Pistol License Section which revealed, *inter alia*, that plaintiff was convicted on June 11, 2012 of the misdemeanor offense of Conspiracy to Violate Customs Arrival, Reporting, Entry and Clearance Requirements, in violation of 18 U.S.C. § 371.  Plaintiff has foregone the opportunity to file an Article 78 proceeding in Supreme Court, Nassau County to challenge the revocation of his pistol license.  Instead, plaintiff brought this action claiming that due to the revocation of his pistol license, defendant is violating his Constitutional rights to own rifles or shotguns.

**Prohibition of Owning Longarms When Handgun License is Revoked**.  New York Penal Law § 400.00, "Licenses to carry, possess, repair and dispose of firearms," provides at 400.00[11](c): (c) In any instance in which a person's license is suspended or revoked under paragraph (a) or (b) of this subdivision, such person shall surrender such license to the appropriate licensing official *and any and all firearms, rifles, or shotguns owned or possessed by such person shall be surrendered to an appropriate law enforcement agency* as provided in subparagraph (f) of paragraph one of subdivision a of section 265.20 of this chapter. In the event such license, firearm, shotgun, or rifle is not surrendered, such items shall be removed and declared a nuisance and any police officer or peace officer acting pursuant to his or her special duties is authorized to remove any and all such weapons."  (Emphasis added.)

In this action, plaintiff has not challenged the constitutionality of Penal Law § 400.00[11](c).  Since plaintiff's pistol license was revoked, he may not possess firearms of any king, whether handguns, rifles or shotguns under Penal Law §400.00(11)(c), and his claim in this action that defendant violated his Constitutional due process rights should be dismissed.

For the foregoing reasons, defendant respectfully requests that the Court schedule a pre-motion conference for the purpose of permitting defendant to file a motion for summary judgment pursuant to Fed. R. Civ.P. 56.

Respectfully submitted,

/s/  Ralph J. Reissman  
RALPH J. REISSMAN  
Deputy County Attorney

cc: via ECF  
Amy L. Bellantoni, Esq., Attorney for Plaintiff