BRUCE A. BLAKEMAN
County Executive

THOMAS A. ADAMS
County Attorney



**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

July 18, 2022

<u>VIA ECF</u>
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Victor Juzumas v. Nassau County (17-CV-03049 (AMD)(JO)</u>

Your Honor:

      This office represents defendant Nassau County in the above-referenced action. By order filed June 15, 2022 Your Honor directed Nassau County, in advance of the court conference scheduled for August 3, 2022 at 10:00 a.m., to file a letter addressing Nassau County's policy in effect regarding long gun possession.

      In its decision issued May 12, 2022, 33 F.4th 681 (2d Cir. 2022) the Second Circuit remanded the district court's decision in this case for the purpose of ascertaining Nassau County's longarms possession policy. In *Henry v. County of Nassau*, 6 F.4th 324 (2d Cir. 2021) the district court denied Nassau County's motion to dismiss the Complaint, stating, "The complaint plausibly alleges that the County did not have substantial evidence that Henry is a danger to the safety of others. Because these allegations, accepted as true, would mean that the County's actions were not substantially related to its interests in public safety and crime prevention, the complaint should not have been dismissed for failure to state a claim under intermediate scrutiny. Accordingly, we reverse the district court's dismissal of Henry's claim for a violation of the Second Amendment and remand for further proceedings consistent with this opinion." This letter will set forth Nassau County's policy regarding longarms possession for the Police Department and the Sheriff's Department.

      **1. Police Department Policy**. When a long gun is confiscated by or surrendered to a member of the Nassau County Police Department, said long guns are generally secured by the precinct where the confiscation/surrender occurred. If a long gun is confiscated from or surrendered by a person who is a Nassau County pistol licensee, said long gun is generally secured by the Pistol License Section. Upon receipt of the confiscated/surrendered long gun, the Pistol License Section provides the pistol licensee, or long gun owner if no pistols are involved, with a PDCN Form 173 ("Long Gun Review Record") and advises the owner that the form must be completed and returned to the Pistol License Section to request return of the long gun. Upon receipt of a completed PDCN Form 173, the Pistol License Section conducts an investigation and determines whether the return of the long gun is precluded by state or federal law.

If the Pistol License Section determines that the long gun should be returned, the pistol licensee or long gun owner is contacted via mail and advised that she can arrange for the return of the long gun. If the Pistol License Section determines that the return of the long gun is precluded by state or federal law, the pistol licensee or long gun owner is afforded an opportunity to appeal, and the determination is referred to a Department Hearing Officer. The Department Hearing Officer reviews the pistol licensee's or long gun owner's submissions and the determination of the Pistol License Section, and submits a recommendation to the Commissioner of Police for a Final Determination. If the Commissioner of Police determines that the long gun should be returned, the pistol licensee or long gun owner is contacted via mail and advised that she can arrange for the return of the long gun. If the Commissioner of Police determines that return of the long gun is precluded by state or federal law, the pistol licensee or long gun owner is notified via mail and advised of her ability to arrange for the disposal of his long gun in accordance with section 400.05(6) of the New York State Penal Law, by contacting the Pistol License Section or Property Bureau. The pistol licensee or long gun owner is also advised that within one hundred twenty (120) days of the final determination, the Department will commence a civil action seeking forfeiture of the retained long gun.

It should be noted that case law holds that administrative determinations by the Pistol License Section, the Department Hearing Officer and the Commissioner of Police are not subject to definitive, concrete time constraints, *see, e.g., Mruczek v. McCall*, 299 A.D.2d 638 639-40 (3d Dept. 2002) (approximately two-year delay between the close of the administrative hearing and the determination was not a violation of petitioner's due process rights).

**2. Nassau County Sheriff's Department Policy.** Pursuant to New York State Family Court Act § 842-a, when a Family Court Judge issues an Order of Protection ("OOP"), Deputy Sheriffs from the Nassau County Sheriff's Department serve the OOP upon on the respondent, generally at her home. If the OOP so provides, upon serving the OOP the Deputy Sheriffs will confiscate pistols and long guns from the respondent, or she may simply surrender them. Pistols are then transported to the Nassau County Police Department for disposition in accordance with Police Department policy (see above), while long guns are secured in the Sheriff's Department's armory to await disposition. On April 8, 2019 the Sheriff's Department issued Policy ED 01-01-19 entitled "Procedure for Return of Long Guns Following Final Disposition of Orders of Protection" (the "Policy"), a copy of which is annexed hereto as Exhibit "A."

Under the Policy, upon termination, dismissal or other final disposition of the OOP, the respondent may apply to the Sheriff's Department for return of her long guns by providing a certified copy of the termination, dismissal or other final disposition of the OOP. Following investigation and confirmation that no OOP is outstanding, within five business days the Sheriff's Department will forward a Long Gun Review Request Form (the "Form") to the weapon owner. The Form must be returned to the Sheriff's Department within fifteen business days. Within five business days of receipt of the Form, the Sheriff's Department will submit a National Instant Criminal Background Check System ("NICS") E-Check inquiry to the Federal Bureau of Investigation Criminal Justice Information Services ("CJIS") Division via the Law Enforcement Enterprise Portal. The NICS E-Check must be conducted prior to

the return of a long gun surrendered to or confiscated by the Sheriff's Department. The NICS E-Check response should be received by the Sheriff's Department from the FBI/CJIS Division within five business days, although it should be noted that the FBI/CJIS Division response may take longer in certain circumstances.

In the event that the NICS E-Check response is "DENY" (indicating that the weapon owner is prohibited from possessing a long gun), the Sheriff's Department immediately notifies the long gun owner of the denial, and that the FBI is the decision-making authority for this inquiry. The owner may appeal this decision to the FBI. On the other hand, if the NCIS E-Check response is "PROCEED" (indicating that the individual is not prohibited from owning a long gun) then a Weapon Return Form can be initiated by the Sheriff's Department with notice to the owner, and the long gun can be released to the owner. In the event the owner does not request return of her long gun, long guns safeguarded in the Sheriff's armory in excess of one year from the date of surrender/confiscation shall be subject to disposal by the Sheriff's Department following compliance with the procedures set forth in New York Penal law § 400.05(6).

The foregoing constitutes the current policies of the Police Department and the Sheriff's Department regarding the surrender/confiscation of longarms, and their return.

Thank you for your attention in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: (Via ECF)
Amy Bellantoni, Esq.
Attorney for Plaintiff

**EXHIBIT A**

| NASSAU COUNTY SHERIFF'S DEPARTMENT DIVISION OF CORRECTION & ENFORCEMENT DIVISION POLICY AND PROCEDURES | NUMBER: ED 01-01-19 |
|---|---|
| | REPLACES: NEW |
| | EFFECTIVE DATE: April 8, 2019 |
| SUBJECT: **PROCEDURE FOR RETURN OF LONG GUNS FOLLOWING FINAL DISPOSITION OF ORDERS OF PROTECTION** | Page 1 of 4 Pages |
| AUTHORIZED BY: _Vera Fludd_ Sheriff | REVIEWED BY: _____ Deputy Undersheriff |
| REVIEWED BY: _____ Undersheriff | REVIEWED BY: _____ General Counsel |

## I. POLICY

It is the policy of the Sheriff's Department to have a detailed and formalized procedure for the timely return or other legal disposition of long guns previously confiscated/surrendered as a result of the issuance of an Order of Protection following the final disposition of that Order.

## II. PURPOSE

The purpose of this policy is to formalize the processing of requests submitted to the Enforcement Division for the return of previously confiscated/surrendered long guns (rifles and shotguns) following the final disposition of Orders of Protection. Matters pertaining to licensed handguns and/or any other licensed firearms remain in the exclusive purview of the Nassau County Police Department.

## III. PROCEDURE

A. All weapon owners will be issued a Sheriff's Department Property/Firearms Receipt at the time of any surrender/confiscation of weapons by Sheriff's Department personnel. The Property/Firearms Receipt will describe, with sufficient detail, each of the weapons surrendered/confiscated (Make, Model, Serial Number, Caliber). Licensed firearms and the corresponding license document shall be transferred to the Nassau County Police Department for disposition pursuant to their

  policies. Long guns will be transferred to and safeguarded in the Sheriff's Department Armory pending final disposition of the Order of Protection. The Property/Firearms Receipt issued to weapon owners at the time of the initial surrender/confiscation will provide information regarding the process for a weapon owner to request return and/or transfer of surrendered/confiscated long guns safeguarded by the Sheriff's Department.

B.  Upon termination, dismissal or other final disposition of the Order of Protection, the weapon owner or legal representative may contact the Sheriff's Department seeking the return of a previously surrendered/confiscated long gun. The weapon owner or legal representative must provide a certified copy of the termination, dismissal or other final disposition of the Order of Protection and a formal written request for the return of the long gun.

C.  Sheriff's Department staff will initially verify that the Order of Protection at issue has been fully and finally disposed by the Court, and that no other Orders of Protection involving the weapon owner are in existence as of that time. The weapon owner/legal representative will be notified in the event that an Order of Protection prohibiting the return of the long gun remains in effect within ten (10) business days of receipt of the initial request by the Sheriff's Department.

D.  Following confirmation of the non-existence of any Order of Protection filed against the weapon owner and within five (5) business days of receipt of the initial request, the Sheriff's Department will forward a Long Gun Return Request Form to the weapon owner. The form will contain the federal warning language, the NYS Penal Law §210.45 warning language, and the responses shall be certified by the weapon owner. The form must be completed and returned to the Sheriff's Department within fifteen (15) business days of its issuance to the weapon owner. Failure to return the Long Gun Return Request Form by the weapon owner will terminate the processing of the request.

E.  Within five (5) business days of receipt of the completed Long Gun Return Request Form from the weapon owner the Sheriff's Department will submit a National Instant Criminal Background Check System (NICS) E-Check inquiry to the Federal Bureau of Investigation Criminal Justice Information Services (CJIS) Division via the Law Enforcement Enterprise Portal (LEEP). The NICS E-Check submission is required and must be conducted prior to the return of any long gun surrendered to/confiscated by the Sheriff's Department. The NICS E-Check will provide information regarding the federal prohibitors set forth in the Federal Gun Control Act (18 U.S.C. §922). Specifically, the NICS E-Check queries available records in the National Crime Information Center (NCIC), the Interstate Identification Index (III), and the NICS indices. Each NICS E-Check submission will result in a NICS Transaction Number ("NTN") which must be documented in the Sheriff's Department record corresponding to the weapon return request. The NICS E-Check

response should be received by the Sheriff's Department from the FBI/CJIS Division within five (5) business days. It should be noted, however, that the FBI/CJIS Division response may be delayed/take longer in certain circumstances.

F. In the event that the NICS E-Check response is "DENY" (indicating that the weapon owner is prohibited from possessing a long gun), the weapon owner shall be immediately notified of the denial and that the FBI is the decision making authority for this inquiry. Additionally, the weapon owner shall be advised that there is a right to appeal the denial decision through the FBI. The weapon owner shall be informed that information related to the FBI appeal process can be found at https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals-vaf.

G. Once a "PROCEED" NICS E-Check response is returned and prior to releasing the weapon, the weapon's serial number must be queried in the stolen gun file through the Integrated Justice Portal. In the event that the NICS E-Check response is "PROCEED" (indicating that the individual is not prohibited from possessing a long gun), then a Weapon Return Form can be initiated and the long gun can be released to the owner. All long gun returns must be reviewed and approved by an Enforcement Division supervisor with the rank of Deputy Sheriff Lieutenant or higher. Such supervisory review and approval must be noted in the individual file. It is anticipated that the return of the long gun should be accomplished within ten (10) business days of receipt of the NICS E-Check response by the Sheriff's Department.

H. In the event that the weapon owner desires to transfer ownership of a long gun, the weapon may be transferred only to a licensed firearm dealer or to an immediate family member (defined as a spouse, domestic partner, child or step-child) provided that such individual can legally possess a long gun. Any such transfer will require a Bill of Sale and/or Affidavit of Transfer of Ownership.

I. Any long gun surrendered/confiscated and safeguarded by the Sheriff's Department shall be maintained in accordance with NYS Penal Law §400.05 (Disposition of weapons and dangerous instruments, appliances and substances). Long Guns safeguarded in excess of one (1) year from the date of surrender/confiscation shall be subject to disposal by the Sheriff's Department following compliance with the procedures set forth in §400.05(6).

## IV. RECORDKEEPING

A. Enforcement Division personnel shall maintain an individual file containing all relevant documents for each individual long gun confiscation/surrender. Each file shall have a Case Number assigned. An Index of all such files shall be maintained by the Enforcement Division.

- B. All actions taken with regard to any confiscated/surrendered long gun must be documented in the corresponding file with a specific notation indicating the staff member taking the action. Copies of any correspondence related to the matter must be included in the official file.

- C. The Deputy Undersheriff for the Enforcement Division shall conduct regular quarterly audits of the files and NICS E-Check records to verify compliance with the requirements of the policy.

**ATTACHMENTS**

- Revised Property/Firearms Receipt Form (revised 02/14/2019)

- Long Gun (Rifle & Shotgun) Return Request Form (02/22/2019)