

July 21, 2022

**VIA ECF**

Hon. Ann M. Donnelly
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

      Re:   *Juzumas v. Nassau County*
               17 Civ. 3049 (AMD) (JO)

Dear Judge Donnelly,

     I represent the plaintiff, Victor Juzumas, in the above-referenced matter. On June 15, 2022, this Court directed counsel for both parties to submit their respective positions on (i) plaintiff's Second Amendment claim; (ii) Nassau County's policy in effect regarding longarm possession; (iii) the Second Circuit's decision in the present case; and (iv) the Second Circuit's decision in *Henry v. County of Nassau*, 6 F.4th 324 (2d Cir. 2021). Kindly accept the following on Plaintiff's behalf.

*Plaintiff's Second Amendment Claims*

     Plaintiff's Second Amendment claims arise from a Nassau County's policy that <u>absolutely bans</u> the possession of rifles and shotguns ("long guns") by any individual whose pistol license has been revoked.[1]

     This is not Plaintiff's 'assertion' – this is the actual policy that was testified to under oath by the witness chosen by Nassau County as the individual with the foremost knowledge of the County's firearm policies and procedures, Lt. Marc Timpano.

> "Q. Is it the position of the Nassau County Police Department then that if an individual has a pistol license that is suspended or revoked, that they automatically lose their right to possess shotguns and rifles?
>
> A. That's correct.

---

[1] Of course, the revocation of a pistol license means that the possession of handguns is also <u>absolutely banned</u>.

| 2 Overhill Road, Suite 400 | *info@bellantoni-law.com* | (914) 367-0090 (t) |
| Scarsdale, New York 10583 | www.bellantoni-law.com | (888) 763-9761 (f) |

> Q. It doesn't matter what the ground was for the suspension or the revocation of their pistol license; is that correct?
>
> A. That's correct.
>
> Q. It's the policy?
>
> A. Correct."

[see, Ex. 1, Excerpt of deposition testimony of Lt. Marc Timpano at 34:6-11, ECF Dkt. No. 27-1].

Nassau County's policy was memorialized in the "Nassau County Police Department Legal Bulletin No. 14-003." [See, Ex. 2 at p. 2-3 of 6; ECF Dkt. No. 27-5].

Under Nassau County's policy, an individual whose pistol license was revoked – irrespective of the reason for the revocation[2] - would only be able to lawfully possess rifles and shotguns again if they applied for a new pistol license and a pistol license was issued.

> "If a person reapplies and they get their pistol license back, then they can be in possession of a long gun."

[Ex. 1 at 68:1-3].

And, the County policy forbids an individual whose pistol license has been revoked from reapplying for a new pistol license for a period of 5 years following the revocation. [Ex. 1 at 66-68].

> "A. …our policy is upon revocation you may not reapply for your pistol permit for five years."

[Ex. 1 at 66:20-22].

Plaintiff's pistol license was revoked because of his 'arrest history', conviction of the misdemeanor offense under 18 USC 371, and 'lack of good moral character' [Ex. 3, Notice of Pistol License Revocation at p. 1; ECF Dkt. No. ], none of which are disqualifiers to firearm possession including rifles and shotguns. Each factor arose solely from Plaintiff's arrest and conviction under 18 USC 371. The Notice of Revocation further – and falsely – informed Plaintiff:

> "As directed by New York State Penal Law section 400, and the New York State Secure Ammunitions and Firearms Enforcement Act, you are prohibited from possessing firearms, rifles, shotguns."

[Ex. 3, at p. 1; ECF Dkt. No. 27-2].

None of the factors used by Nassau County to revoke Plaintiff's pistol license constitute a bar to the possession of rifles and shotguns and no section of the Penal Law bars the possession of long guns for "lack of good moral character", an "arrest", or a misdemeanor violation of a federal statute.

---

[2] Ex. 1 at 34:12-17.

While the County points to Penal Law § 400.00(11) to support its unlawful policy, no provision of § 400.00(11) prohibits the possession of long guns simply because the individual's pistol license has been revoked. As noted further below, the Second Circuit agrees.

Nassau County's policy, as testified to by Lt. Timpano under oath – that an individual whose pistol license is suspended or revoked "automatically lose[s] their right to possess shotguns and rifles" - is an <u>absolute bar</u> to firearm possession and, therefore, a patent violation of the Second Amendment.

*Nassau County's Policy Regarding Longarm Possession in Effect At the Time*

Nassau County's policy is memorialized in NCPD's Legal Bulletin No. 14-003 [Ex. 2] and explained under oath by the County's witness, Lt. Marc Timpano as detailed above. [Ex. 1].

For some reason, Nassau County's submission in response to the Court's directive fails to address the very policy at the heart of Plaintiff's Second Amendment claims. Instead, the County generally mentions a "Police Department Policy" dealing with the return of long guns, provides no copy of the policy[3], and does not inform the Court when such policy was enacted. The issue here is the lawful possession of long guns after the revocation of a pistol license, not the return of long guns.

The very purpose of the Second Circuit's mandate remanding this case back was for this Court to identify the terms of the challenged policy and determine whether it violates the Second Amendment.

The terms of the challenged policy are clear and defined. The sworn testimony of Lt. Timpano, NCPD's Legal Bulletin, and the Notice of Revocation identify a Nassau County policy that bans the possession of long guns by every individual whose pistol license has been revoked, irrespective of the reason; the reestablishment of the right to possess long guns only after applying for and obtaining a new pistol license; and the prohibition on applying for a new pistol license for a period of no less than 5 years from the revocation date. [Ex. 1; Ex. 2; Ex. 3].

On its decision, the Second Circuit observed that Nassau County "declares without qualification that "[t]he SAFE Act amended Penal Law § 400.00(11) to include *the prohibition of ownership* of longarms by individuals whose pistol license were suspended or revoked." *Juzumas v. Nassau Cnty., New York*, 33 F.4th 681, 691 (2d Cir. 2022) citing the County's appeal brief. (emphasis supplied).

According to the Second Circuit, however, Penal Law § 400.00(11) contains no such prohibition.

*The Second Circuit's Decision in the Present Case*

The Second Circuit found that Penal Law § 400.00(11) may require the surrender of all firearms upon the revocation of a pistol license but held that "**the state law does not by its terms prohibit such a person from ever possessing a longarm thereafter, nor does it expressly condition renewed longarm possession on the issuance of a new pistol license**." *Juzumas*, 33 F.4th at 689 (emphasis added).

---

[3] The only policy attached to the County's response is that of the Sheriff's Office, an agency having no relevance to this action. Worse, the Sheriff's policy relates to the return of long guns that were confiscated or surrendered because an order of protection was issued; it is entitled, "Procedure for Return of Long Guns Following Final Disposition of Orders of Protection." Nothing in this case pertains to the issuance of an order of protection or a related long gun seizure. Perhaps relevant to the plaintiff in the *Henry* matter, but not at all relevant here.

The Court held, "[t]o the extent that he correctly interprets the policy as effecting an enduring ban on longarm possession by a person whose pistol license was revoked, **we agree with [Plaintiff]** that the policy goes beyond what the state law requires." *Ibid.*

### *The Reason for Remand*

The Second Circuit remanded this matter because the district court decision "did not address this aspect of Juzumas' [Second Amendment] challenge, however, and determined only that it was 'not clear' whether Juzumas was permitted to possess long guns again under the County's policy." *Ibid.*

It is clear that Nassau County banned Plaintiff's ability to possess long guns. Whether or not Plaintiff will *ever again* be able to possess long guns under the terms of the County's policy may be relevant to the *extent* of Plaintiff's damages. It is not relevant to a determination that the County's policy violates the Second Amendment. The record is unambiguous: the County's policy banned Plaintiff from possessing long guns solely because his pistol license was revoked.

### *Plaintiff's Second Amendment Claim*

Nassau County's reliance on Penal Law § 400.00(11) in support of their policy was belied by the Second Circuit's holding that the statute does not prohibit a person whose pistol license was revoked from possessing long guns nor does it condition the renewed possession of long guns on the issuance of a new pistol license. *Juzumas*, 33 F.4th at 689.

The Second Circuit further determined that, in evaluating the absolute prohibition pleaded by Plaintiff, Nassau County's policy "would impose a 'substantial burden' on the Plaintiff's Second Amendment rights and therefore be subject to heightened scrutiny." *Juzumas*, 33 F.4th at 691.

With regard to the standard to be applied, the Supreme Court recently expressly rejected the Second Circuit's two-step framework for analyzing Second Amendment claims and the application of any interest balancing, 'means-end', scrutiny, including intermediate and strict scrutiny. See, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022).

Rather, the Supreme Court "reiterate[d] that the standard for applying the Second Amendment is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Bruen*, 142 S. Ct. at 2126 citing, *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)."

The plain text of the Second Amendment - the right to possess and carry firearms – presumptively covers Plaintiff's conduct. An absolute ban on that right is a patent violation of the Second Amendment.

### *Is the Challenged Nassau County Policy Still In Effect?*

It would be helpful for Nassau County to provide, in writing, a definite statement regarding whether the challenged policy is still in effect and, if not, when the policy changed, and the County's present position regarding the possession of long guns by revoked licensees.

*Impact of Henry v. Nassau County*

In *Henry*, the Second Circuit found that by affording Mr. Henry "no means of acquiring firearms for any purpose for a period of at least seven years", Nassau County's policy – the same policy challenged herein - substantially burdened Mr. Henry's Second Amendment rights.

The policy does not 'substantially burden' Plaintiff's Second Amendment rights; it's a ban – it extinguished them. The standard of analysis to be applied is that announced in *Heller*, *McDonald* and again reiterated by the Supreme Court in *Bruen*, as discussed above.

*Resolution of Plaintiff's Second Amendment Claim*

Based on the trial court record, it is respectfully requested that this Court issue find (1) that Nassau County enforced a policy that (a) banned the possession of long guns by individuals based solely on the revocation of one's pistol license; (b) only allowed reinstatement of the right to possess long guns upon the individual's application for, and issuance of, a new pistol license; and (c) prohibited such individual from reapplying for a new pistol license for a period of 5 years from the revocation date; (2) that under the terms of Nassau County's policy, Plaintiff was banned from possessing long guns for a period of at least 5 years; and (3) that Nassau County's policy violated Plaintiff's Second Amendment rights by prohibiting Plaintiff, who has no legal prohibitors to the possession of firearms, with no available avenue to lawfully possess firearms for self-defense.

Consistent with the Complaint filed in this action, and to the extent that the County's challenged policy remains in effect, we ask that the Court issue an order permanently enjoining Nassau County, New York, its agents, law enforcement officers, and all those working in active concert with them, from enforcing and implementing this unconstitutional policy.

Plaintiff further requests that this matter be scheduled for a hearing for a determination of compensatory and economic damages. Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni
Encl.